## HOEFLICK *against* SNYDER.

### IN ERROR.

The borough of *Chambersburg*, under a power given by the act of assembly to assess, apportion, and appropriate such taxes as shall be determined by a majority of them, necessary for carrying their rules and ordinances into complete effect, provided, no tax shall be laid in any one year, on the valuation of taxable property, exceeding one cent in the dollar, has power to assess single men, without property, inhabitants of the borough.

ERROR to the Court of Common Pleas of *Franklin* county, in an action of trespass. The plaintiff in error was defendant below.

In the court below the following facts were admitted, and were to be considered as if found by special verdict, and the judgment thereon to be subject to revision, by writ of error.

The town of *Chambersburg* was incorporated as a borough, by act of assembly, passed the 21st of *March*, 1803. The above law was revived by the act of the 11th of *March*, 1815. *Frederick Smith, William S. Davis, John Radebaugh, Jacob Heart*, and *George Brown*, were duly elected town council of the borough of *Chambersburg*, on the first day of *May*, 1826, and sworn into office on the fifth of the same month. A tax was assessed by the said council, on the 16th day of *May*, 1826, and *Paul Hoeflick*, the defendant, was appointed collector of the same; into whose hands, a duplicate thereof was placed and delivered on the 23d of *May*, 1826, in which *Nicholas Snyder*, the plaintiff, a single man, and an inhabitant of the borough, without property, was assessed the sum of fifty cents.

*Paul Hoeflick*, the defendant, by virtue of the warrant, annexed to the said duplicate, signed by *Edward Crawford*, burgess of the said borough; and by virtue of a warrant, dated the 15th of *May*, 1827, and signed by *John Findlay*, burgess of the said borough, on the 16th of *May*, 1827, entered the store of *N. Snyder*, the plaintiff, and forcibly, and against his consent, took therefrom, and out of his the said *Nicholas's* possession, a pair of leather calf-skin boots, of the value of eight dollars, the property of the said *Nicholas*; and this is the trespass complained of.

If the judgment should be in favour of the plaintiff, the damages are to be ascertained by three men, to be appointed by the court.

The court below entered judgment for the plaintiff.

By the act of assembly of the 21st of *March*, 1803, section 6, it was enacted, "That it shall and may be lawful for the town council, to meet as often as occasion may require, and enact such by-laws, and make such rules, regulations, and ordinances, as shall be determined by a majority of them, necessary to promote the peace, good order, benefit, and advantage of the said borough; particularly,

(Hoeflick *v.* Snyder.)

of providing for the regulation of the market, streets, alleys, and highways therein. *They shall have power to assess, apportion, and appropriate, such taxes as shall be determined by a majority of them necessary, for carrying the said rules and ordinances from time to time into complete effect;* and also, to appoint a town clerk, treasurer, two persons to act as street and road commissioners, and a clerk of the market, annually, and such other officers as may be deemed necessary, from time to time: *Provided,* That no by-law, rule, or ordinance of the said corporation, shall be repugnant to the constitution or laws of the *United States,* or of this commonwealth; and that no person shall be punished for a breach of a by-law or ordinance, made as aforesaid, until three weeks have expired after the promulgation thereof, by at least four advertisements, set up in the most public places in the said borough: *And provided also,* That no tax shall be laid in any one year, on the valuation of taxable property, exceeding one cent in the dollar, unless some object of general utility shall be thought necessary; in which case, a majority of the freeholders of the said borough, by writing, under their hands, shall approve of, and certify the same to the town council, who shall proceed to assess the same accordingly."

*M'Cullough,* for the plaintiff in error.—The power to tax is general. Every person entitled to vote for borough officers, is bound to contribute in some way. The qualification is, "Entitled to vote for members of the legislature, who have resided twelve months in the borough." *Section second of the act of incorporation of* 1803. One who has no property, can contribute only by a poll tax. An appeal for an unreasonable tax is given to the Quarter Sessions. Property is not the exclusive subject of taxation. No restriction to property is contained in the act of incorporation.

*Crawford, contra.*—Young men are migratory; and on the principle contended for, may be taxed in different towns in the same year. The limitation on taxation, is in reference to *property,* and the power must be supposed to have been given in reference to property. Here, if they can tax the person, there is no limitation. No power exists to tax, but what is expressly given. *Piper* v. *Singer,* 4 *Serg. & Rawle,* 354.

The opinion of the court (Todd, J. dissenting,) was delivered by

Gibson, C. J.—A power to tax ought to rest on something more substantial than implication. But the town council has express power "to assess, apportion, and appropriate such taxes as shall be determined by a majority of them," to be necessary for carrying their ordinances into effect; and this with no restriction, or limitation, but that the tax shall not exceed a cent on the dollar. It has been said, the nature of the power is indicated by the nature of the limitation, which has regard to property exclusively. But it by no means follows, that the legislature had nothing in view but the subject of the power, as indicated by the limitation; for the act of as-

(Hoeflick *v.* Snyder.)

sembly of 1799, in which are enumerated the subjects of taxation for county purposes, and subject to a like limitation, contains also, an express power to tax the person of every single freeman. There is nothing in the nature of taxation, which necessarily restricts it to property; and, where it is exercised for particular purposes, under a grant which contains no enumeration of its objects, the enumeration in the act of assembly of 1799, being a general law, must be assumed as the basis of the grant; which otherwise would be without bound or limit. As regards this corporation, there is a peculiar fitness in this; because, taxation being the basis of our elective franchise, and the corporate qualifications of the electors being declared to be the same as those of the electors of members of the general assembly, the legislature would seem to have indicated, that each should be respectively subject to the same rule and measure of assessment. Here, then, the plaintiff below was assessed as a single freeman, without assessing his property or profession; and it, therefore, seems the corporation did not transcend its powers.

Judgment reversed, and judgment for the defendant.